THE REPUBLIC MUTUAL INS. CO., APPELLEE, *v.* FAUGHT ET AL., APPELLANTS, ET AL.

(No. 1100—Decided January 14, 1948.)

*Messrs. Slabaugh, Guinther, Jeter & Pflueger,* for appellee.

*Messrs. Critchfield, Critchfield & Critchfield,* for appellants William P. Faught and Theresa Faught.

*Messrs. Feighan, Feighan & Mann,* for appellant Joseph Stockhausen.

DOYLE, P. J.   This action was brought for the purpose of having declared invalid a policy of insurance which insured one William P. Faught against liability for damages caused by accident arising out of the ownership or operation of an automobile, and losses to the owner thereof through theft, fire and collision.   It also seeks a declaration by the court "that the said instrument * * * created no obligation or liability to defend any action, or actions, which have been or may be begun or maintained" by certain named persons.

It appears that William P. Faught, the named insured, is now a defendant in a personal injury action growing out of an automobile accident in which he, as the driver of the car in question, is charged with negligently injuring the driver of another car on the public highway.

In the written application for the insurance, Faught declared himself the owner of the car, and the policy was later issued by the company on that basis.   The uncontroverted fact is, however, that the car was then, and was continuously past and beyond the time of the accident, owned by his wife, Theresa Faught.

Pertinent provisions of the contract of insurance are in the following terms:

At the end of the "Declarations":

"By acceptance of this policy the named insured agrees that the statements in the foregoing declarations are his statements and representations, which he warrants to be true, that this policy is issued in reliance upon the truth of such representations, and that

this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Under "Damage By The Automobile":

"10. Exclusions.—The company shall not be liable under coverages A, B and H:

" * * *

"(b) For any loss or accident which occurs after the named insured's interest in the automobile has been transferred; or unless named insured's interest in the automobile be unconditional sole ownership unless such ownership or change shall appear in the policy."

Under "Damage To The Automobile":

"25. Exclusions.—It is a condition of this policy that the company shall not be liable under coverages C, D, E, F-1, F-2 and G for:

" * * *

"(e) Loss or damage if the interest of the insured in the property be other than unconditional and sole ownership, or if the same be leased or encumbered in any manner, except as stated * * *."

Under "Conditions, Limitations and Agreements":

"33. Waiver or Change.—No notice to an agent, or knowledge possessed by an agent or by any other person shall be held to effect a waiver or change in any part of this policy, nor estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the president or secretary of the company."

It is asserted by appellants that the agent who solicited the policy and secured the application for the same, had at all times knowledge of the fact that the ownership of the automobile was in the applicant's wife, and that such knowledge was the knowledge of

the company, which effected a waiver of the terms of the policy and estopped the company from asserting any rights thereunder.

The Court of Common Pleas of Wayne county found from the evidence there presented that the agent did not have such knowledge, and that under the policy there was neither a waiver of the provisions of the policy nor was the company estopped from asserting rights thereunder.

This court has examined the evidence before us, in this appeal on questions of law and fact, and we find, as did the trial court, that the evidence satisfactorily favors the claim of the company that the agent was without knowledge of the material fact in question when the application was made and the policy issued. We further determine that, under the express limitation on powers of agents to waive conditions in the policy, as set forth above, the sounder view, supported by excellent authority, upholds such limitation when applied to circumstances of the character presented here. See 3 Williston on Contracts (Rev. Ed.), Section 760.

Likewise, Ohio decisions tend to support this rule of contract law.

See *Ohio Farmers' Ins. Co.* v. *Titus,* 82 Ohio St., 161, 92 N. E., 82; *Michigan Automobile Ins. Co.* v. *Van Buskirk,* 115 Ohio St., 598, 155 N. E., 186; *Hartford Fire Ins. Co.* v. *Glass,* 117 Ohio St., 145, 158 N. E., 93.

The prayer of the appellee's petition for a declaratory judgment will be granted.

*Decree accordingly.*

STEVENS and HUNSICKER, JJ., concur.