Neal AYERS, Plaintiff-Appellant,

v.

Bernard KIDNEY and American Employers' Insurance Company, Defendants-Appellees.

No. 15290.

United States Court of Appeals
Sixth Circuit.

June 30, 1964.

L. Thomas Skidmore, of Oberholtzer & Skidmore, Medina, Ohio, for appellant.

Eben H. Cockley, Cleveland, Ohio, James E. Courtney, Cleveland, Ohio, on brief; Jones, Day, Cockley & Reavis, Cleveland, Ohio, of counsel, for appellee American Employers' Ins. Co.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This case involves a summary judgment in favor of appellee American Employers' Insurance Company, defendant in a supplemental proceeding under Ohio

Revised Code, § 3929.06. Such statute provides a method whereby, in a personal injury case, a judgment creditor of an allegedly insured debtor may enforce collection of the judgment against the liability insurer of the judgment debtor. Plaintiff-appellant, Neal Ayers, had obtained a $17,500 judgment against Bernard Kidney arising out of a collision between a truck owned by Kidney and a railroad train, in which plaintiff Neal Ayers, an employee of the railroad, was injured.

The issue involved is whether a policy of liability insurance written by defendant Insurance Company, insuring Kidney against certain liabilities, and in force on the day of the mentioned collision, April 3, 1958, covered Kidney's liability for the tort upon which Ayers' judgment against Kidney was obtained. The District Judge, upon the basis of the pleadings and affidavits filed in support of, and in opposition to, appellee Insurance Company's motion for summary judgment found that there was no such coverage in force. Judgment for the insurance company was entered.

On or about April 12, 1957, Kidney owned a truck and trailer with which he was engaged primarily in hauling as contract lessor. On that date, defendant American Employers' Insurance Company issued to him a policy of liability insurance providing certain coverages which, by endorsement attached thereto, provided that the bodily injury liability coverage did not apply "while the automobile or any trailer attached thereto is used to carry property in any business." At the time of the accident, Kidney's vehicle was hauling coal in a business then being carried on by Kidney. The policy in question, with the above quoted exclusionary endorsement, provided what is known as "deadhead" or "bobtail" coverage. It was sold at a reduced premium of $43.68. It was designed to cover truckers who lease their trucks, usually with a driver, to authorized public carriers while the trucks are returning empty—"deadheading"—after delivering cargo for the lessee public carrier. The liability of such a trucker while carrying cargo for the lessee carrier is covered by the carrier's liability insurance. This so-called "deadhead" or "bobtail" insurance is sold to these trucker-lessors at a low premium because of the limited coverage provided.

While appellant makes some claim that the controlling endorsement, when read in conjunction with the entire policy, results in an ambiguity which should be resolved in favor of coverage, we find no such ambiguity. The exclusion of coverage when the insured vehicle "is used to carry property in any business" is clear. Kidney's vehicle was being used to carry coal in Kidney's own business when this accident happened. There was no coverage unless it arises by what plaintiff calls waiver or estoppel.

Plaintiff contends that, notwithstanding the clear language of Kidney's policy and its endorsement, Kidney was covered for the loss involved for the two following reasons:

1. In opposition to defendant's motion for summary judgment, plaintiff filed Kidney's affidavit wherein Kidney said that he contacted the Somers-Smith Agency in Elyria, Ohio, for insurance to cover his tractor and trailer and that "he requested full coverage to protect him at all times that he was not covered by the policy of the lessee for whom he primarily hauled." Kidney's affidavit went on to say that he informed the agency,

"that he also intended to haul coal and gravel on his own account; that Joe Smith (of the agency) told affiant that he would insure affiant with American Employers Insurance Company, a company for which he was agent; that Joe Smith on April 12, 1957, told affiant that he was insured, and shortly thereafter affiant received Policy No. XF1121112; that affiant, relying on Agent Smith's words and declarations and the request of affiant to Joe Smith, assumed that he was covered."

Plaintiff says that the foregoing conversational events, accepted as true on motion for summary judgment, brought into being coverage not provided by the written insurance contract.

2. Kidney's affidavit further averred that some months after the policy was issued and while he was hauling under lease arrangement with the Cleveland Stone Company, he requested that "a certificate of insurance be sent to the Cleveland Stone Company for the purpose of notifying the Cleveland Stone Company that affiant did have coverage; that said certificate of insurance was sent out and this certificate did not indicate any restrictions or limitations on coverage * * *." From this, plaintiff argues that coverage protecting Kidney while hauling goods on his own came into being or that defendant Insurance Company, by reason of such certificate, is estopped to deny the existence of such coverage.

### 1. *Parol creation of coverage.*

Plaintiff's position is that notwithstanding the clear language of the policy, which specifically excluded the coverage claimed, such coverage came into being as a result of the above conversations between Kidney and defendant's local agent. Aside from the fact that scrutiny of the words of such conversations fails to disclose an agreement by the agent to obtain a policy for Kidney with the now claimed coverage, we are of the opinion that the coverage sought was not thereby provided by defendant insurance company.

The policy issued contained the following:

"21 Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy."

* * * * * *

"25 Declarations. By acceptance of this policy the named insured agrees * * * that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

This diversity case is controlled by Ohio law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Because we deal here with a subject upon which there is much disagreement in state court decisions, we first look for Ohio law which is decisive or from which we can deduce what its highest court would do with the question before us. In some matters relating to the authority of insurance agents, the law of Ohio remains unsettled. Gettins v. United States Life Ins. Co., 221 F.2d 782, 783 (CA 6, 1955); John Hancock Mutual Life Ins. Co. v. Luzio, 123 Ohio St. 616, 621, 176 N.E. 446, 449 (1931). We think, however, that there are Ohio decisions which disclose a direction leading to our conclusion that Ohio would enforce the quoted provisions of the policy in question and thereby forbid creation of an insurance contract in the manner sought by the plaintiff Ayers.

In 30 Ohio Jur.2nd, "Insurance" § 744, p. 682, we find this text digest of Ohio law:

"As far as the doctrines of waiver and estoppel are based upon the conduct * * * of the insurer, they are not available, as a rule, to bring within the coverage of a policy risks not covered by its terms or risks expressly excluded therefrom."

While Ohio Revised Code § 3929.27 provides that solicitors obtaining applications shall be considered as agents of the issuing company, it does not follow that limitations on the authority of such an agent, clearly expressed, will not be enforced. Such was the holding of Plotner v. Buckeye Union Casualty Co., 94 Ohio App. 94, 97, 98, 114 N.E.2d 629, 632, where liability coverage was sought to be effected through an oral notice and request to a local agent. The Ohio Court

of Appeals enforced a policy provision substantially identical with the herein-above quoted provision No. 21, saying, "[a]s no endorsement was issued by defendant company to be a part of the policy, transferring the insurance from a 1949 Pontiac to a 1950 Pontiac, the insurance policy upon which this action is based did not indemnify the plaintiff for damages sustained to the 1950 Pontiac."

■ In the case before us, plaintiff relies upon Kidney's averment that he told the agent that he was going to use his truck to haul coal for himself as well as to use it in a lease arrangement. Such knowledge, however, would not add coverage for a use which is specifically excluded by the terms of the policy. Such we believe is the effect of the holdings in Republic Mutual Ins. Co. v. Faught, 83 Ohio App. 31, 34, 82 N.E.2d 133, and Gillespie v. Security Mutual Life Ins. Co., 18 Ohio App. 164. In the latter case it was contended that an agent's conduct provided a policy term not contained in the written insurance contract. In disposing of such contention, the court said:

"If the agent, by virtue of his agency, has the power, by attaching a rider, to enlarge the company's liability to pay dividends, no reason is apparent why he could not in the same way increase the face of the policy or shorten the period of its maturity." (18 Ohio App. 168)

Actually, the subject we deal with here is not waiver or estoppel, but the question of whether a conversation between an applicant and an agent of an insurance company can add or eliminate terms contrary to the clear language of the policy. In the context of this case, we do not consider that contracts of insurance can thus be created. If they could, then indeed a named insured could, on the basis of his claim of oral communications, make an issue of fact as to whether he had $100,000 coverage on three automobiles instead of $5,000 on one automobile as provided in a policy delivered to him.

While the Ohio cases which we have discussed are not directly dispositive of our problem, we find them sufficient to persuade us that our decision fits Ohio law.

2. *Certificate to Cleveland Stone Company.*

■ The Kidney affidavit opposing the motion for summary judgment states that several months after issuance of the policy and while Kidney was hauling gravel for the Cleveland Stone Company, he requested that a certificate of insurance be sent to that company "for the purpose of notifying the Cleveland Stone Company that affiant did have coverage" and that a certificate was sent out which "did not indicate any restrictions or limitations on coverage." The accident involved in this case did not occur while Kidney was hauling for such company. Whatever right the Cleveland Stone Company might have been able to assert against the defendant Insurance Company by virtue of such certificate is not before us. We are satisfied, however, that the certificate did not provide, in the case before us, coverage clearly excluded by the policy sued upon.

Judgment affirmed.