HARTORY ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

(No. 1395 — Decided June 27, 1988.)

*Paul E. Weimer* and *David P. Weimer,* for appellants and cross-appellees.

*Harold H. Reader,* for appellee and cross-appellant.

COOK, J. James and Mary Kay Hartory owned and resided in a home in Chesterland, Ohio. The home was adjacent to a landfill. State Automobile Mutual Insurance Company ("State Auto") issued a Home Protectors Homeowners Policy to the Hartorys which provided coverage from June 15, 1985 through December 15, 1985. During the spring and summer of 1985, highly explosive methane gas from the landfill penetrated their house and their water well, contaminating both.

On July 30, 1985, the Hartorys vacated their home after being orally directed by the Chief of the Chesterland Fire Department to do so. On August 1, 1985, one of State Auto's examiners sent the Hartorys' counsel a letter denying coverage for any loss as a result of the presence of the methane gas.

The Hartorys incurred living expenses as a result of their move for housing, transportation, utilities, telephone, electrical and cable hookup costs and necessary household goods that could not be removed from their

house. They submitted a claim to appellee to recover payment for the additional living expenses under their household policy. State Auto denied coverage because the policy expressly excluded coverage for damages due to "contamination."

The Hartorys filed a complaint, later amended, against State Auto seeking $20,780 for their expenses. They alleged that State Auto had: (1) breached the contract of insurance, the Hartorys claiming the expenses were covered by the policy as a "loss in use" of their home; (2) negligently and/or intentionally inflicted emotional distress on them; and (3) acted in bad faith by refusing coverage. State Auto filed an answer denying the claimed damages were covered by the policy. It also claimed the Hartorys had already been compensated in a previous lawsuit against the landfill owner for their losses.

State Auto filed a motion for summary judgment. It attached a brief, a copy of the insurance policy, the amended complaint, an affidavit of Herbert E. Olson, a loss examiner employed by State Auto, a copy of the letter denying coverage, a partial transcript of a trial between the Hartorys and the landfill owner, a photo of the list of damages from the previous trial and the deposition of James Hartory.

The Hartorys filed a motion for a partial summary judgment as to liability only. They attached a memorandum, a copy of the policy, copies of cases cited in their memorandum and the affidavit of James Hartory stating that he had phoned his agent who told him he was covered under the policy. State Auto filed a memorandum in opposition to the Hartorys' motion for partial summary judgment and attached an affidavit of the Hartorys' agent denying he had told James Hartory that the Hartorys were covered under the policy. On April 23, 1987, the court granted State Auto's motion for summary judgment.

The Hartorys have appealed the judgment of the trial court and have filed the following assignment of error:

"The trial court erred to the prejudice of plaintiff[s]-appellant[s] in granting defendant-appellee's motion for summary judgment."

The Hartorys' assigned error is without merit.

State Auto has filed a cross-appeal and has filed the following assignment of error:

"The trial court should have granted State Auto's motion for summary judgment for the additional reasons that (a) the Hartorys were fully compensated and not entitled to double recovery, and (b) there was no 'bad faith' on the part of State Auto."

State Auto's assigned error is without merit.

Civ. R. 56 establishes summary judgment as a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615. To that end, the burden is on the moving party to demonstrate a lack of a genuine issue as to any material fact. The opposing party may create an issue of fact by countering with affidavits or other evidentiary material provided for by Civ. R. 56(C). *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46. The inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 66 O.O. 2d 311, 309 N.E. 2d 924.

Summary judgment is granted only if a tripartite determination is made: (1) that there is no genuine issue as to any material fact; (2) that the

moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, construing the evidence most strongly in his favor. *Harless* v. *Willis Day Warehousing Co., supra; Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267.

Turning first to the Hartorys' assigned error, we conclude it is without merit. No genuine issue as to any material fact remains to be litigated and State Auto is entitled to judgment as a matter of law as to the Hartorys' claims of breach of contract, intentional infliction of emotional distress and acting in bad faith. Construing the evidence most strongly in favor of the Hartorys, reasonable minds could come to but one conclusion and that conclusion is adverse to the Hartorys.

State Auto, by its evidence, demonstrated that it had issued a homeowner's policy to the Hartorys and that said policy excluded coverage for "contamination." Giving the word "contaminate" its usual and ordinary meaning, it means "to render unfit for use by the introduction of unwholesome or undesirable elements." Webster's Third New International Dictionary (1981) 491. The methane gas, an unwholesome and undesirable element, from the landfill, rendered the Hartorys' home and well unfit for use.

The evidence also demonstrated that State Auto reviewed the policy twice before determining if coverage was allowed and promptly called the Hartorys' counsel and later sent him a letter denying coverage. The Hartorys presented no evidence to the contrary. Such handling of the question of coverage, as a matter of law, did not constitute "outrageous conduct" required for the tort of intentional emotional

distress by *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666, or a breach of the duty to act in good faith by an insurer as required by *Hoskins* v. *Aetna Life Ins. Co.* (1983), 6 Ohio St. 3d 272, 6 OBR 337, 452 N.E. 2d 1315, for the tort of acting in bad faith in the handling of an insurance claim.

The Hartorys did file an affidavit which stated that State Auto's agent told them they were covered because their "loss of use" damages were caused by an external peril not excluded by the policy. State Auto's agent filed an affidavit stating he did not tell the Hartorys they were covered by the policy. The two affidavits did not create an issue of material fact since it is not material whether the agent told the Hartorys they were covered. Waiver and estoppel are not available to bring within the coverage of an insurance policy risks not covered by its terms or *expressly excluded* therefrom. *Zechar* v. *All American Cas. Co.* (1961), 116 Ohio App. 41, 21 O.O. 2d 262, 186 N.E. 2d 500; *Ayers* v. *Kidney* (C.A. 6, 1964), 333 F. 2d 812.

We conclude the trial court did not err in granting State Auto's motion for summary judgment.

Turning now to State Auto's assigned error in its cross-appeal, we conclude it is without merit. Since the trial court granted State Auto's motion for summary judgment, its assigned error does not allege any prejudicial error by the trial court.

The assigned error contends that the trial court should have granted State Auto's motion for summary judgment because the Hartorys obtained a $417,000 judgment against the landfill owner and, thus, they have been compensated for their damages, extinguishing any right to recover under the policy, and because there was no "bad faith" on its part.

It appears that State Auto meant

to file cross-assignments of error pursuant to R.C. 2505.22 rather than an. appeal of the court's judgment. R.C. 2505.22 provides:

"In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."

We conclude State Auto's assigned error in its cross-appeal is not well-taken.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.