**Vollbracht Furs, Inc. v.
Ohio Farmers Ins. Co.**

*[Cite as 8 AOA 471]*

*Case No. 14543*
*Summit County, (9th)*
*Decided December 5, 1990*

*Lee E. Plakas and Beth A. Raies, 454 Citizens Savings Bldg., 110 Central Plaza, S., Canton, Ohio 44702, for Plaintiff.*

*Michael A. Malyuk, 1500 One Cascade Plaza, Akron, Ohio 44308, for Defendants.*

*David Hilkert, 50 S. Main St., P. O. Box 1500, Akron, Ohio 44309, for Defendants.*

QUILLIN, J.

The question presented in this case is whether a corporate insured may rely on the representations of an independent insurance agent that the corporation is fully insured for loss due to theft, when no one from the corporation has ever read the insurance policy which specifically excludes such coverage. We hold that with respect to the insurer, the corporate insured may not rely on the agent's representations. With respect to the insurance agent and his insurance agency, the fact that the insured did not read the policy does not bar recovery as a matter of law. We affirm the granting of directed verdict in favor of the insurer, but we reverse the granting of directed verdicts in favor of the insurance agent and his agency.

In 1983, Ida Saltzer and Mark Azyman purchased an ownership interest in appellant, Vollbracht Furs, Inc. ("Vollbracht"), from its sole owner, Harold Miller. At the time, Vollbracht was not insured against the theft of furs.

In 1985, Saltzer and Azyman bought out Miller's interest in Vollbracht, and subsequently decided to procure theft insurance. Saltzer's ex-husband, Leonard Saltzer, contacted appellee, Morris Nuss, an independent insurance agent employed by appellees, Hamilton Insurance Agency, Inc. and Hamilton Insurers, Inc. (collectively referred to as "Hamilton").

Mr. and Mrs. Saltzer testified that Nuss represented to them that the insurance policy Nuss procured fully covered Vollbracht for theft of furs. Subsequent to these alleged oral representations, Nuss sent Vollbracht three binders which did not indicate any limitations on theft coverage. These binders were issued on November 1, 1985, November 30, 1985 and December 30, 1985.

In January 1986, Vollbracht received a copy of the insurance policy issued by appellee, Ohio Farmers insurance Company ("Ohio Farmers"). Although both Saltzer and Azyman stated that they reviewed portions of the policy, neither read the entire policy, nor did they read subsequent renewal policies which limited coverage due to theft to $2,500.00 per occurrence.

On June 22, 1988, Vollbracht was burglarized, resulting in a fur loss of between $40,000.00 and $50,000.00. Ohio Farmers denied full coverage, contending that the policy limited theft coverage to $2,500.00 per occurrence.

Vollbracht filed suit against Ohio Farmers, Hamilton and Nuss, contending that Vollbracht was fully covered for its loss. At the close of Vollbracht's case, defendants moved for, and were granted, directed verdicts because Vollbracht failed to present into evidence a copy of the insurance policy. The trial court held that an insured may not forever rely on an insurance agent's misrepresentations and ignore the clear terms of an insurance policy. Vollbracht appeals.

Assignment of Error I

"The trial court erred as a matter of law in granting a directed verdict for appellee Ohio Farmers Insurance Company where the evidence at trial established that a contract was formed between appellant and appellee Ohio Farmers Insurance Company based upon statements made by appellee's general agent within the scope of his actual and/or apparent authority."

· This case is before this court on appeal from orders directing verdicts in favor of Ohio Farmers, Hamilton and Nuss.

Civ. R. 50(A) (4) provides:

"(4) When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and

that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.***."

To sustain a motion for directed verdict there must be an absence of any substantial, competent evidence to support the party against whom the motion is made. *Osler v. Lorain* (1986), 28 Ohio St. 3d 345, 347. Neither the weight of the evidence nor the credibility of the witnesses is to be considered. *Id.*

In the case *sub judice,* Vollbracht's witnesses testified that Nuss told them that Vollbracht was fully covered against theft under the policy with Ohio Farmers. In actuality, the policy specifically limited loss due to theft of furs to $2,500.00 per occurrence.

Contracts of insurance can not be created by an agent's adding or deleting terms contrary to the clear language of the policy. *Ayers v. Kidney* (C.A. 6, 1964). 333 F. 2d 812, 815; *Hartory v. State Auto Mut. Ins. Co.* (1988), 50 Ohio App. 3d 1, 3.

Nuss, representations cannot create coverage contrary to the clear language of the policy. We affirm the granting of directed verdict in favor of Ohio Farmers. The first assignment of error is overruled.

### Assignments of Error

"II. A directed verdict for appellees Hamilton Insurors and Hamilton Insurance Company was in error where the evidence showed that a contract existed between appellee Hamilton Insurors and appellant to procure theft coverage.

"III. Evidence offered at trial established a claim for negligence against appellee Nuss, therefore the decision of the trial court to grant a directed verdict for appellee Nuss was in error."

We will consider Vollbracht's second and third assignments of error together.

As a general rule, an insurance agent or broker who undertakes to obtain insurance for another owes a duty to exercise reasonable care to obtain the correct insurance. While the insured's failure to read the policy when issued may under certain circumstances be a defense to a claim that the correct insurance was not obtained, it does not, as a matter of law, bar recovery. 43 American Jurisprudence 2d (1982) 220-230, Insurance, Sections 138-144. Annotation (1976), 72 ALR 3d 747.

If a jury accepts the testimony of Azyman and Mr. and Mrs. Saltzer as true, it could conclude that Mr. Saltzer contacted Nuss, Hamilton's employee and agent, in order to procure theft insurance for Vollbracht's furs, and that Nuss failed to procure adequate theft insurance. This evidence presents an issues of fact for the jury to decide.

The second and third assignments of error are sustained.

### Assignment of Error IV

"The trial court committed error in directing the verdict for appellee Nuss on the issue of fraud."

In order to maintain a cause of action for fraud, five elements must exist:

(1) a false representation;

(2) knowledge of the falsity on the part of the person making the representation;

(3) intent to mislead others in relying upon the representation;

(4) justifiable reliance; and,

(5) injury resulting from that reliance. *Sanfillipo v. Rarden* (1985), 24 Ohio App. 3d 164, 166.

Assuming arguendo that Nuss did not procure the insurance Mr. Saltzer requested, that fact alone does not provide a basis for a finding of fraud by the jury. Vollbracht has not any evidence of an intention to mislead on the presented part of Nuss.

The fourth assignment of error is overruled.

The judgment is affirmed as to Ohio Farmers Ins. Co. The judgment is reversed as to the remaining defendants.

REECE, P.J., and CACIOPPO, J., concur.