43 F.3d 1471
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James P. CONDE; Rhonda L. Conde, Plaintiff-Appellants,
Cross-Appellees,
v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellee,
Cross-Appellant.
 Nos. 93-3793, 93-3874.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs James and Rhonda Conde appeal the order granting summary judgment to their insurer, State Farm Fire & Casualty Company ("State Farm"), asserting that the district court erred in holding that their policy did not cover their claim. Defendant cross-appeals the district court's holding that the action was timely filed.
 
 
 2
 For the reasons that follow, we AFFIRM the dismissal.
 
 I.
 
 3
 In 1982, the Condes purchased an "all-risk" homeowners policy from State Farm. In April 1983, SWAT Exterminators, Inc. treated the Condes' house for termites with chlordane in a careless and negligent manner. The Condes suffered health problems as a result, and eventually moved out of the house.
 
 
 4
 In November 1984, Dr. Conde notified State Farm that they were trying to settle their problem with SWAT, and advised State Farm that the Condes would seek its assistance if the problem were not resolved satisfactorily. State Farm responded that it would not cover the claim because of the policy's contamination exclusion. In November 1987, Dr. Conde again wrote State Farm concerning coverage. State Farm again denied coverage.
 
 
 5
 The Condes filed suit in January 1991, seeking a declaratory judgment that their policy covered damages incurred because of the negligent application of chlordane.[1] State Farm moved for summary judgment, arguing that the "suit limitation clause" barred the action as it required policyholders to bring suit within one year of the date of an "occurrence." The district court denied the motion. Thereafter, plaintiffs filed a motion for partial summary judgment on the scope of coverage issue. State Farm cross-moved for summary judgment. The district court granted judgment to defendant, holding that the Condes' loss fell within the contamination exclusion of the policy.
 
 II.
 
 6
 We uphold the grant of summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Because this declaratory judgment action is in federal court pursuant to diversity of citizenship, Ohio law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64, cert. denied, 305 U.S. 637 (1938).
 
 
 7
 Under Ohio substantive law, the courts construe insurance contracts in accordance with the same rules as other written contracts. Rhoades v. Equitable Life Assurance Soc'y, 374 N.E.2d 643, 644 (Ohio 1978). In construing a contract, a court must give meaning to every paragraph, clause, phrase and word, omitting nothing as meaningless, or surplusage. Cincinnati v. Cincinnati St. R. Co., 24 Ohio Dec. 201 (1911).
 
 III.
 
 8
 When State Farm denied the Condes' claim, in 1984, it relied on Policy FP7103.1, which was in effect at the time the chlordane was applied and contained an exclusion for loss caused by:
 
 
 9
 6. wear and tear; marring/deterioration; inherent vice; latent defects; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from agricultural smudging or industrial operation....
 
 
 10
 (Emphasis added).
 
 
 11
 The Condes contend that they are entitled to coverage because their loss was caused by the negligent application of chlordane, and because the policy does not exclude coverage for the negligent acts of third persons. Although State Farm admits that the contamination here resulted from SWAT's misapplication of chlordane, it contends that the plain language of the policy and case law require dismissal of plaintiffs' claim. We agree.[2]
 
 
 12
 The language of the exclusion in no way qualifies the contamination by source. In contrast, the exclusion does qualify smoke, excluding smoke resulting from "agricultural smudging or industrial operation." For the Condes to prevail, we must attach a qualifier to the term "contamination" as well, exempting contamination resulting from any source except negligent acts of third parties from the exclusion. This we refuse to do.
 
 
 13
 Nor are we persuaded that the term contamination is ambiguous becuase it is not defined in the policy. The court in Hartory v. State Auto. Mut. Ins. Co., 552 N.E.2d 223 (Ohio App.1988), had no problem defining the term. The Hartory court used Webster's Third International Dictionary's definition, finding that contamination meant "unfit for use by the introduction of unwholesome or undesirable elements." Id. at 225. We adopt that definition and note that without question, the Condes' home was contaminated.
 
 
 14
 Here, plaintiffs ask the court to look at the cause of the contamination, not the cause of the loss. As the court recognized in Auten v. Employers Nat'l Ins. Co., 722 S.W.2d 468, 470-71 (Tex.App.1987), such a reading "would limit this provision to exclude recovery for contamination only when the contamination itself was not the result of an excluded clause." See also Hartory, 552 N.E.2d 223 (holding that contamination exclusion precluded coverage for damages resulting when methane gas from a neighboring landfill penetrated the plaintiffs' home forcing them to evacuate).
 
 
 15
 Accordingly, we hold that the policy excluded coverage for the Condes' loss.
 
 
 
 [1]
 The Condes also claimed that State Farm breached the covenant of good faith by failing to determine whether a lawful basis existed to support its refusal of coverage. We find their appeal on this issue lacks merit
 
 
 [2]
 Even if the policy provided coverage, the Condes' suit was untimely. Under the policy, the Condes had to file suit "within one year after the occurrence causing loss or damage." Although the term "occurrence" is not defined in the policy, under Ohio law the undefined term must be given its "ordinary meaning." Owens-Illinois, Inc. v. Aetna Cas. & Sur. Co., 990 F.2d 865, 872 (6th Cir.1993). An occurrence is "something that happened or came about in any way." Id. at 871 (citations omitted)
 The occurrence here was the chlordane application in April 1983. The district court erred in finding that the occurrence was ongoing, in fact, only the damage was ongoing. Because Condes waited until January 1991, seven years after they discovered the occurrence, to file their claim, we find it is barred under the policy.