46 F.3d 1131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty F. RIDGE, Plaintiff-Appellee,
v.
NATIONAL AMERICAN INSURANCE COMPANY, Defendant-Appellant.
 No. 93-4026.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1995.
 
 Before: MARTIN and BOGGS, Circuit Judges; and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 National American Insurance Company ("National") appeals the judgment of the district court granting summary judgment in favor of Betty F. Ridge. National contends that the district court lacked subject matter jurisdiction, that the court improperly held that res judicata principles required entering judgment in Ridge's favor, and that the court should have imposed Rule 11 sanctions. National also argues that we should stay this appeal until state court proceedings conclude. We affirm.
 
 
 2
 Kenneth D. Ridge died as a result of an accident in which his automobile collided with a truck that Joseph Thompson was operating pursuant to a business relationship with AMC, Inc. Betty F. Ridge, Kenneth's wife, filed a wrongful death action in the Court of Common Pleas of Jackson County, Ohio against Thompson and AMC. The case proceeded to trial, and Betty Ridge received a jury verdict in her favor. After the state trial court found that the general verdicts and the interrogatories were inconsistent, it returned the case to the jury for further deliberations. The jury returned another verdict, and the court entered judgment in Ridge's favor in the amount of $240,000. Although AMC tendered a check for $240,000 to Ridge, the court later clarified its judgment to provide that Ridge has separate judgments against Thompson and AMC in the amount of $240,000. AMC appealed the denial of its Civ.R. 60(B) motion, and the Court of Appeals of Ohio, Fourth Appellate District[1] affirmed.
 
 
 3
 Meanwhile, Ridge had filed this diversity action based on Ohio law seeking a judgment against National, AMC's insurance carrier, in the amount of $240,000. According to Ohio Revised Code section 3929.06, "the judgment creditor or the successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment." National argued that AMC had satisfied the judgment. The district court granted judgment in favor of Ridge in the amount of $240,000 plus statutory interest because it found that it could not review or modify the state court's clarified judgment.
 
 
 4
 As an initial matter, we note that National's request for a stay of this appeal is moot by virtue of the decision of the Court of Appeals of Ohio. National's argument that the district court was without subject matter jurisdiction is without merit. Complete diversity of citizenship exists between the parties, and this Court has previously recognized the propriety of bringing a diversity action based on section 3929.06. See Ayers v. Kidney, 333 F.2d 812 (6th Cir.1964). Any state court pronouncement to the contrary on this point is not binding. National's argument that the state trial court's judgment does not carry a preclusive effect in federal court is also without merit. As the district court explained, a federal court must give a state court judgment the same preclusive effect that the judgment would receive in state court. 28 U.S.C. Sec. 1738; see Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984). Ohio courts would find that the judgment precludes National from relitigating the issue because, although National was not a party to the state court action, it was in privity with AMC. See, e.g., Goodson v. McDonough Power Equip., Inc., 443 N.E.2d 978, 981-82 (Ohio 1983). Moreover, we find no basis to conclude that the district court erred in refusing to impose sanctions against Ridge and her counsel.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 6
 BOGGS, Circuit Judge, concurring.
 
 
 7
 This is a very perplexing case. The evidence presented at trial demonstrated that Ridge's total compensatory damages were in the range of $240,000,[1] and this amount was confirmed by the response to Jury Interrogatory # 2. After the jury returned with an internally inconsistent verdict, the judge specifically instructed the jury that "you are to find an amount of damages and then each and every responsible Defendant is liable for the entire amount of the damages." The trial court's written judgment assessed court costs against both Thompson and AMC, an odd command that would result in a double recovery of court costs if construed as directing two separate awards. Finally, an award of a single judgment for $240,000 is more in accord with common sense, as well as Ohio's customary practice of imposing joint and several liability, absent express directions to the contrary, where a judgment is against two or more defendants. See 49 C.J.S. Judgments Sec. 349 (1947).
 
 
 8
 Nonetheless, a visiting judge who was asked to interpret the trial court's order, for reasons that are absent from the record, concluded that the judgment was for $480,000, plus court costs.[2] Be that as it may, Ohio state courts are entitled to make such a judgment, and those decisions will have preclusive effect while the decision is being appealed. As it happens, since oral argument in this case, the intermediate Ohio appellate court has, by a two-to-one vote, upheld the prior ruling. Thus, our court is correct in stating that plaintiff is entitled to judgment as a matter of law. However, proceedings in the Ohio state courts are not yet at an end, because appellant is entitled to seek relief before the Ohio Supreme Court. Although we affirm the federal district court's ruling, that court is not without power to take steps, if it chooses, to permit restoration of the status quo, if the Ohio state courts ultimately reverse their decision.
 
 
 9
 A second oddity in this case is that the insurance company, the sole defendant here, has already tendered payment on behalf of its only insured, AMC. (There is no separate contract of insurance between the insurance company and defendant Thompson.) The circumstances surrounding this payment are convoluted, but lead to the conclusion that Ridge's counsel unilaterally "applied"[3] the money to Thompson's judgment after National paid $249,797.26 to satisfy the debt of its client, AMC. Thus it is critical whether the money was tendered by, or on behalf of, AMC or on behalf of Thompson. The district court should carefully consider all of the facts in making its decisions about lifting its stay of judgment pending appeal.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Case No. 93CA719, filed December 6, 1994
 
 
 [1]
 The jury assessed $125,000 for mental anguish, $115,000 for loss of support, and $0 for loss of society and companionship
 
 
 [2]
 Although the judge treated the order of judgment as unambiguous, he added what he claimed were two distinct verdicts for "$240,000 plus court costs" to equal $480,000 plus court costs. If there truly were two independent judgments, this would result in a double recovery of court costs
 
 
 [3]
 In a letter to National dated November 4, 1992, Ridge's attorney discussed the parties' prior bickering and noted that National had "never purported to represent Joe Thompson." He also stated "just so there is no misunderstanding at this point, we will accept the sum of $240,000.00, plus statutory interest to date of actual payment and, in exchange, we will cause a satisfaction of judgment to be filed in favor of your client, AMC Incorporated." (emphasis supplied)
 National tendered $249,797.26 on November 30. On December 4, counsel informed National that they were applying the money to "the Thompson judgment," and on December 8, counsel went to the courthouse and executed a "Satisfaction of Judgment" with respect to Thompson with the clerk of courts. In the meantime, plaintiff's counsel had filed this suit in federal court on December 3, demanding payment from National for the judgment against AMC.