JOURNAL ENTRY AND OPINION
Plaintiffs-appellants James P. Wallace, Sr. [as Administrator of the Estate of James P. Wallace Jr.], James P. Wallace, Sr. [individually], Wanda Wallace, Chris Wallace and Katrina Wallace (collectively appellants) appeal from the order of the trial court granting summary judgment in favor of defendants-appellees State Farm Insurance Companies, State Farm Mutual Automobile (State Farm) and Dennis J. Balint on the issue of liability coverage. In addition, appellants appeal from the order of the trial court granting summary judgment in favor of State Farm on the amount of underinsured motorist coverage. For the following reasons, the judgment of the trial court is affirmed in part and reversed in part.
James P. Wallace, Jr. died as a result of injuries sustained in a motor vehicle accident caused by Balint's negligence. Balint and State Farm do not dispute liability on appeal. At the time of the accident, Balint was insured by a policy of automobile liability insurance issued by State Farm. In addition, State Farm sold eight automobile insurance policies with uninsured/ underinsured motorist coverage to the Wallace family. Pertinent to the instant appeal, State Farm issued the following insurance policies:
 1. Dennis Helen Balint, 1995 Subaru Legacy, liability coverage, $25,000 each person, $50,000 each accident;
 2. James Wallace, Jr., 1993 Suzuki motorcycle, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 3. James Wallace Jr., 1986 Pontiac Sunbird, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 4. James and Wanda Wallace, decedent's parents, 1978 Harley motorcycle, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 5. James and Wanda Wallace, 1991 Chevrolet van, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 6. James and Wanda Wallace, 1992 Chevrolet pickup, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 7. James and Wanda Wallace, 1966 Pontiac Tempest, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 8. Chris Wallace, decedent's brother, 1993 Ford Probe, uninsured/underinsured motorist coverage, $50,000 each person, $100,000 each accident;
 9. Katrina M. Wallace, decedent's sister, 1987 Oldsmobile Cutlass, uninsured/underinsured motorist coverage, $25,000 each person, $50,000 each accident.
On January 13, 1997, appellants filed a complaint against Balint and State Farm in the Cuyahoga County Court of Common Pleas. In their complaint, appellants prayed for Balint's per accident liability limits of $50,000 and underinsured motorist coverage from State Farm in the amount of $750,000.
Pursuant to a partial settlement agreement, State Farm paid to appellants the $25,000 per person limits of Balint's liability coverage. In addition, State Farm paid to appellants $25,000 in underinsured motorist coverage, the $50,000 per person limits of one of the family's insurance policies minus the set-off of the $25,000 State Farm paid for Balint's liability coverage. As part of the settlement agreement, appellants retained the right to litigate the following issues: (1) whether appellants were entitled to stack their underinsured motorist policies; (2) whether appellants were entitled to the per accident limits of the applicable policies, as opposed to the per person limits; and (3) whether State Farm was allowed to set-off from the underinsured motorist coverage the amount paid for Balint's liability coverage.
On January 20, 1998, State Farm filed a motion for summary judgment on the issue of the amount of underinsured motorist coverage. State Farm maintained that it was only liable for the per person limits of one underinsured motorist policy, minus any set-off for liability insurance. In a journal entry filed on January 5, 1999, the trial court granted summary judgment in favor of State Farm relative to the amount of underinsured motorist coverage available to [plaintiffs], that being the amount of $25,000. Therefrom, appellant filed a notice of appeal. However, this court dismissed that appeal pursuant to Civ.R. 54(B) because the amount of liability coverage was still at issue.
On February 19, 1999, State Farm filed a motion for summary judgment on the issue of the amount of liability coverage. In its motion, State Farm argued that it was only liable for the $25,000 per person limits of Balint's liability coverage. On June 2, 1999, the trial court granted summary judgment in favor of State Farm, finding that there is no additional liability coverage available * * *. Therefrom, appellants filed a timely notice of appeal with this court.
 I. THE TRIAL COURT ERRED IN RULING THAT PLAINTIFFS' EIGHT POLICIES WHEREIN THEY CLAIMED UNDERINSURED MOTORIST COVERAGE COULD NOT BE STACKED UNDER ORC 3937.18(G).
In their first assignment of error, appellants assert that the trial court erred in granting summary judgment in favor of State Farm on the issue of the stacking of appellants' underinsured motorist coverage.
Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that: "`(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" Hannah v. Dayton Power 
Light Co. (1998), 82 Ohio St.3d 482, 485, quoting Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
R.C. 3937.18(G) states:
 (G) Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section or selected in accordance with division (C) of this section may, without regard to any premiums involved, include terms and conditions that preclude any and all stacking of such coverages, including but not limited to:
 (1) Interfamily stacking, which is the aggregating of the limits of such coverages by the same person or two or more persons, whether family members or not, who are not members of the same household;
 (2) Intrafamily stacking, which is the aggregating of the limits of such coverages purchased by the same person or two or more family members of the same household.
R.C. 3937.18(G) permits insurance companies to include antistacking provisions in their policies. However, the Supreme Court of Ohio has traditionally looked upon antistacking provisions with disfavor. Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,507, citing Curran v. State Auto. Mut. Ins. Co. (1971),25 Ohio St.2d 33; Grange Mut. Cas. Co. v. Volkmann (1978), 54 Ohio St.2d 58. To be enforceable, antistacking provisions must be both unambiguous and clear and conspicuous in the automobile insurance contract. Dues v. Hodge (1988), 36 Ohio St.3d 46, paragraph one of the syllabus.
For its antistacking argument, State Farm relies on page 2 of endorsement 6093C.1, section e., to the eight insurance policies which State Farm provided to the Wallace family. Section e. of endorsement 6093C.1 provides:
 e. The provision titled If There Is Other Similar Coverage is changed to read:
If There Is Other Uninsured Motor Vehicle Coverage
 1. Any and all stacking of uninsured motor vehicle coverage is precluded.
 2. If Other Policies Issued By Us to You, Your Spouse or Any Relative Apply Subject to 1 above, if two or more motor vehicle liability policies issued by us to you, your spouse or any relative providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability. (Emphasis added.)
It is well-established that an endorsement, once validly executed by the parties, becomes part of the insurance contract. See, e.g., Skinner v. Progressive Ins. Co. (Feb. 3, 2000), Cuyahoga App. No. 76603, unreported, citing Brown v. Insurance Co. (1978),63 Ohio App.2d 87; Workman v. Republic Mut. Ins. Co. (1944),144 Ohio St. 37.
Initially, appellants argue that the antistacking provisions of their policies are unenforceable because State Farm failed to explain to appellants that the stacking of policies was precluded. However, it is well established that waiver and estoppel cannot expand coverage beyond the express terms of an insurance policy. See, e.g., Lakota v. Westfield Ins. Co. (Dec. 10, 1998), Cuyahoga App. No. 72871, unreported, citing Hartory v. State Auto. Mut. Ins. Co. (1988), 50 Ohio App.3d 1, 3,.
Appellants also argue that they did not understand the antistacking provisions because they were extremely ambiguous, unclear and not conspicuous. In Dues, supra, the Supreme Court of Ohio upheld similar language in another State Farm policy. The court found:
 As stated, the antistacking provision must be both unambiguous and clear and conspicuous in the policy. Karabin, supra.
We find the above language to be unambiguous.
 The language "the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability" can only be interpreted to mean that the insured may not stack coverage. The appellants have not indicated how this language could possibly be construed otherwise. (Emphasis added).
Id. at 48.
Upon review of endorsement 6093C.1, we find the subject antistacking provision to be unambiguous, clear and conspicuous. In particular, the language the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability in section e. of endorsement 6093C.1 can only be interpreted to mean that the insured may not stack coverage. Accord, Dues, supra.
The trial court did not err in granting State Farm's motion for summary judgment in this regard. Appellants' first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT BALINT LIMITING PLAINTIFFS' UNDERINSURED MOTORIST CLAIMS FOR PER ACCIDENT LIMITS ON ALL THEIR INSURANCE POLICIES DESPITE OHIO'S WRONGFUL DEATH STATUTE 2125.01 ET SEC. [SIC] WHICH DETERMINES WHO THE INJURED BENIFICIARIESARE AND WHO ARE THE LEGALLY ENTITLED PERSONS THAT CAN RECOVER FOR THEIR INJURIES.
In their second assignment of error, appellants maintain that the trial court erred in limiting their underinsured coverage to bodily injury suffered by an insured. State Farm maintains that appellants were only entitled to the each person limits of one of their policies, as opposed to the each accident limits, because only the decedent, James P. Wallace, Jr., suffered bodily injury, sickness, disease or death as a proximate result of the subject accident.
State Farm successfully argued below that R.C. 3937.18(A)(1) and (2) allow insurance companies to limit uninsured and underinsured motorist coverage to accidents in which an insured sustained bodily injury. On appeal, appellants note that this interpretation of R.C. 3937.18(A) is contrary to R.C. 2125.01 et seq. and the public policy underlying R.C. 3937.18.
Subsequent to the trial court's order granting summary judgment, the Supreme Court of Ohio released Moore v. State Auto Ins. Co. (2000), 88 Ohio St.3d 27. We find Moore to be determinative of appellants' second assignment of error. In Moore, the claimant's insurer insisted that R.C. 3937.18(A), as amended in S.B. 20, allowed insurance companies to limit uninsured motorist coverage to automobile accidents in which an insured suffers bodily injury. In Moore, the court stated:
 The purpose of uninsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. (Citations omitted.) It is clear that claims such as appellant's fit within this purpose. R.C. 2125.01 recognizes a cause of action for wrongful death and R.C. 2125.02(A)(1) acknowledges that parents of wrongful death victims are presumed to have suffered damages. Therefore, the parents of a wrongful death victim are legally entitled to recover damages from the tortfeasor responsible for their child's death. However, under appellee's suggested interpretation of R.C. 3937.18(A), the parent of the wrongful death victim would go uncompensated due to the tortfeasor's uninsured status, notwithstanding the fact that the parents had uninsured motorist coverage.
 Thus, applying appellee's proposed interpretation of R.C. 3937.18 would thwart the underlying purpose of uninsured motorist insurance, i.e., to protect persons who are entitled to recover damages from uninsured motorists, and would conflict with R.C. Chapter 2125, the wrongful death statute.
 This result would in turn violate R.C. 1.47(C), which provides a presumption against statutory construction that would produce unreasonable or unjust consequences.
 Therefore, we decline to adopt appellee's proposed interpretation.
 * * * Accordingly, we hold that R.C. 3937.18(A)(1) as amended by Am.Sub.S.B. No. 20, does not permit an insured to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer. Therefore, we find that the limitation in appellee's policy requiring that the insured suffer bodily injury in order to recover uninsured motorist benefits is an attempt to provide lesser coverage than that which is mandated by law.
 As such we find that the limitation is invalid and unenforceable. * * *
Id. at 31-33.
Although Moore was an uninsured motorist case, the logic therein also applies to underinsured motorist cases pursuant to R.C. 3937.18(A)(2). We note, however, that Moore was based upon the public policy underlying uninsured and underinsured motorist coverage and, therefore, is inapplicable to Balint's liability coverage.
At the very least, decedent's parents, James P. Wallace, Sr. and Wanda Wallace, were entitled to the each accident limits of one of the four insurance policies they purchased from State Farm. Pursuant to R.C. 2125.02(A)(1), both parents of the decedent are presumed to have suffered separate damages. The trial court erred in granting summary judgment and limiting appellants' recovery to the per person limits of one of their policies. Appellant's second assignment of error is sustained.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO STATE FARM AND THE DEFENDANT BALINT BECAUSE THEIR CONTRACTS ARE NOT UNAMBIGUOUS AND CLEAR IN EXCLUDING INJURED BENEFICIARIES UNDER THE WRONGFUL DEATH STATUTE, OR S.B.-20, OR ORC 3937.18.
Appellants' third assignment of error is merely revisits the arguments already presented in the first assignment of error. In particular, appellants again insist that the antistacking provision in endorsement 6093C.1 is not unambiguous and clear and conspicuous in the automobile insurance contract. Dues v. Hodge (1988), 36 Ohio St.3d 46, paragraph one of the syllabus.
Under the first assignment of error, we found the antistacking provision in endorsement 6093C.1 to be unambiguous and clear. Therefore, appellants' third assignment of error is summarily overruled.
 IV. THE OHIO CONSTITUTION PROHIBITS THE LIMITATION OF DAMAGES IN WRONGFUL DEATH ACTIONS UNDER ARTICLE I, SECTION 19(A) OF THE OHIO CONSTITUTION AND THE TRIAL COURT ERRED IN LIMITING THE PLAINTIFFS['] RECOVERY TO PER ACCIDENT LIMITS UNDER BALINT'S POLICY AND PREVENTED PER OCCURRENCE RECOVERY UNDER ALL OF THE PLAINTIFFS' POLICIES OF INSURANCE UNDER THE WRONGFUL DEATH STATUTE SINCE PLAINTIFFS SUFFERED INJURY CONSISTENT WITH THE WRONGFUL DEATH STATUTE O.R.C. 2125.
As for their fourth assignment of error, appellants assert that R.C. 3937.44 and R.C. 3937.18, as applied to appellants, constitute unconstitutional limitations of wrongful death damages in violation of Section 19A, Article I of the Ohio Constitution.
Section 19A, Article I of the Ohio Constitution provides:
 The amount of damages recoverable by civil action in the courts for death caused by the wrongful act, neglect, or default of another, shall not be limited by law. We have already delineated the applicable provisions of R.C. 3937.18.
Appellate courts throughout Ohio have consistently upheld the constitutionality of the S.B. 20 amendments to R.C. 3937.18 and R.C. 3937.44. See, e.g., Ackerman v. State Farm Mut. Auto Ins. Co. (Dec. 10, 1999), Hamilton App. No. C-990332, unreported (We hold that R.C. 3937.18(H) does not violate Section 19a, Article I of the Ohio Constitution because the statute does not limit the amount of damages a plaintiff may recover in a civil action for wrongful death. Instead, the statute speaks only to the contractual agreement between the insurer and the insured, and permits insurers to contractually limit recovery of uninsured-motorist benefits.); Smith v. Mancino (1997), 119 Ohio App.3d 418, 423 (R.C. 3937.44
does not violate Section 19a, Article I of the Ohio Constitution.); Berry v. Przyborowski (Nov. 19, 1999), Miami App. No. 99-CA-21, unreported (These statutes [R.C. 3937.44 and 3937.18] have repeatedly been upheld as constitutional.).
Based upon the foregoing, we are unwilling to find the provisions of R.C. 3937.18 or 3937.44 unconstitutional at this time. Appellants' fourth assignment of error is overruled.
 V. SINCE THERE WERE FACTUAL ISSUES TO BE DECIDED BY THE JURY, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO STATE FARM AND THE DEFENDANT BALINT.
In their final assignment of error, appellants merely assert the standard for summary judgment without presenting a substantive argument for our review. Therefore, we summarily overrule appellants' fifth assignment of error.
The judgment of the trial court is affirmed in part and reversed in part, and this case is remanded for further proceedings consistent with this opinion.
It is ordered that appellants recover of appellees their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ LEO M. SPELLACY, JUDGE
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J. CONCUR.