*602
 
 Jones, J.
 

 The written application for the policy of insurance expressly provided that the statements therein contained were made a part of the policy and that the assured warranted the same to he true by acceptance. Such statements therefore became a part of the contract of insurance as if fully embodied therein.
 
 Byers
 
 v.
 
 Farmers’ Ins. Co.,
 
 35 Ohio St., 606, 35 Am. Rep., 623;
 
 Hutchins
 
 v.
 
 Cleveland Mut.
 
 Ins.
 
 Co.,
 
 11 Ohio St., 477.
 

 The policy further provided that it should be void in case the assured concealed any material fact or circumstance concerning the insurance, or if the automobile should be incumbered by “lien or mortgage without the assured having given the company immediate written notice of such incumbrance.” It is conceded that there was a chattel mortgage on the automobile at the time said policy contract was issued. One of the statements contained in the application, which under the express terms of the policy was warranted by the insured to be true, was as follows:
 

 “The automobiles herein described are paid for in full, and are not mortgaged or incumbered except as follows.”
 

 There was no qualification of that statement, and since no exceptions were made thereto there is no question but that this clause contained an affirmative statement that the automobile covered by the policy was neither mortgaged nor incumbered. The extent of the chattel mortgage incumbrance does not appear, nor is it of consequence in view of the clause against mortgage incumbrances contained in the policy. Its amount may have been such as to
 
 *603
 
 render the insurable interest of the assured
 
 nil,
 
 or almost so. The clause in question was not only material to the risk, but was specifically made so by the terms of the policy contract.
 
 Hutchins
 
 v.
 
 Ins. Co., supra.
 
 However, the insured endeavors to escape the contractual obligations of the policy by pleading in his amended petition facts which he claims operate as an estoppel or waiver upon the part of the insurance company. It is contended that there was an affirmative duty upon the part of the company to make an inquiry concerning incumbrances, and that failure to so inquire constitutes such waiver, although the fact is conceded that the “insurance company issued its said policy contract without information, either affirmative or negative, on its part, or that of its agent, of an existing chattel mortgage.”
 

 While there is disharmony in the decisions of various courts upon the question of waiver by insurance agents, our own court has been fully committed to the rule that should apply to the facts conceded in the instant case. The policy contract not only contained a clause that it was made and accepted subject to the provisions and warranties contained therein, but also provided (condition 24) that:
 

 “No officer, agent, or other representative of the company shall have power to waive any of the terms of this policy, unless such waiver be written upon or attached hereto and signed by an officer of the company.”
 

 It is not claimed that any such waiver was written or signed, as required by this clause. The
 
 *604
 
 foregoing provision in the policy was designed to exclude the operation of the principle that notice to the agent is notice to the principal, especially as to material warranties affecting the risk contained in the policy contract and application; for, had the incumbrance been made known to the company, the policy might not have been issued. In
 
 Ohio Farmers’ Ins. Co.
 
 v.
 
 Titus,
 
 82 Ohio St., 161, 92 N. E., 82, this court held that a clause in an insurance policy substantially similar to the above was valid, and that the insurance company could not be deemed to have waived a mortgage incumbrance upon the property simply because its agents had notice or knowledge of the existence of the incumbrance. In a
 
 per curiam,
 
 concurred in by all the judges, this court in that case said at page 171 (92 N. E., 84):
 

 “The insured had the policy in his possession and is presumed to know its provisions. These provisions are valid, they are usually found in such contracts, and are considered necessary for the protection of the company. They cannot be waived by the agent, excepting in the manner stipulated in the policy, and would afford very little protection to the company if they could be.”
 

 In support of the principle so announced, the
 
 per curiam
 
 cites the cases of
 
 Union Central Life Ins. Co.
 
 v.
 
 Hook,
 
 62 Ohio St., 256, 56 N. E., 906;
 
 Eureka Fire & Marine Ins. Co.
 
 v.
 
 Baldwin,
 
 62 Ohio St., 368, 57 N. E., 57;
 
 Northern Assurance Co.
 
 v.
 
 Grand View Building Assn.,
 
 183 U. S., 308, 22 S. Ct., 133, 46 L. Ed., 213. In the federal case cited, Mr. Justice Shiras admits the contrariety of decisions upon the legal point involved, but states that
 
 *605
 
 the decided weight of authority supports the foregoing principle. There is no doubt that in the Ohio cases cited this court has been definitely committed to that principle, unless it has been modified by the rule announced by a majority of this court in
 
 Foster
 
 v.
 
 Scottish Union & National Ins. Co.,
 
 101 Ohio St., 180, 127 N. E., 865. I did not concur in the judgment in the latter case for the reason that I conceived the case should have been decided upon the authority of
 
 Insurance Co.
 
 v.
 
 Titus, supra.
 
 However, the instant case may be easily distinguished from the
 
 Foster case, supra.
 
 In the
 
 Foster case
 
 the facts concerning the title to the property were within the knowledge of the agent. Here it is conceded that they were not. The doctrine of estoppel or waiver is usually applied to a party, who, with knowledge of certain facts, acts to the prejudice of the other. The generally accepted definition of waiver is “intentional relinquishment of a known right.” 27 Ruling Case Law, 904-908;
 
 Bennecke
 
 v.
 
 Connecticut Mutual Life Ins. Co.,
 
 105 U. S., 355, 26 L. Ed., 990. It would be an anomalous principle were we to hold that a party could be deemed to have waived material facts, the existence of which he did not know.
 

 From the allegations contained in the amended petition the fact must be admitted that the agent neglected to inquire orally as to mortgages or incumbrances; if none were made, this may have resulted from the fact that the attached statement contained a clause disclosing there were none; for the printed statement (No. 6) read, “The automo
 
 *606
 
 biles herein described are * * * not mortgaged or incumbered except as follows,” and no exceptions were noted. It therefore left the statement as declaring affirmatively that the automobile was not mortgaged or incumbered. Having made that statement, there was no need of making special inquiry relating to that feature.
 

 It is contended that an affirmative duty arose upon the part of the insurance agent to make inquiry as to the character of the title, and especially, as to incumbrances on the property. A policy contract is not unilateral in its obligation. If it be the duty of the agent to make such an inquiry, it is likewise the duty of the insured to make disclosure of incumbrances upon his title, especially where a statement definitely relating thereto is made part of the policy and the insured warrants the statement to be true. As stated by the court in the
 
 Titus case, supra:
 
 “The insured had the policy in his possession and is presumed to know its provisions.”
 

 The loss occurred 3% months after the policy was issued. The face of the policy contained the following, “Please read your policy.” This clause, together with others similar to those in the case at bar, featured in the case of
 
 Satz
 
 v.
 
 Massachusetts Bonding & Ins. Co.,
 
 decided by the Court of Appeals of New York in October last, to be reported in 243 N. Y., 385, 153 N. E., 844, where the principles here announced were sustained.
 

 There was no error in the sustention of the demurrer to the amended petition by the trial court.
 
 *607
 
 The judgment of the Court of Appeals is reversed and that of the trial court affirmed.
 

 Judgment of the Court of Appeals reversed and that of the common pleas affirmed.
 

 Marshall, C. J., Day, Kinkade and Matthias, JJ., concur.