By the Court.
 

 This action was brought by Glass in the court of common pleas of Greene county to recover on his policy of insurance in the Hartford Fire Insurance Company for a loss from fire. The policy was issued December 25, 1923. The total amount of the policy was $7,000; being $3,000 on farmhouse, $2,000 on barn, $1,000 on household furniture, $500 on farm implements, and the remainder thereof on outbuildings.
 

 The company defended on the ground that a portion of the personal property covered by said
 
 *146
 
 policy was incumbered by chattel mortgage and that no indorsement assenting thereto had been made upon the policy. It sets up such fact as violative of the provisions of the policy against incumbrance and also of the provision in respect to unconditional and sole ownership of the property insured, and sets out the portion of the policy providing, in substance, that no agent or other representative of the company has power to waive any provision or condition of the policy except by indorsement thereon.
 

 The reply of the plaintiff, other than admissions that the policy contained the provisions set forth in the answer, was a general denial. The trial of the case resulted in a verdict for the plaintiff, which judgment was affirmed by the Court of Appeals.
 

 The principal question presented in this case is whether the existence of a chattel mortgage upon a portion of the personal property covered by this insurance policy wholly relieves the insurance company from liability thereunder, when in fact the agent of the company who procured the insurance prior to and at the time of the issuance of the policy had full knowledge respecting such incumbrance, but failed to have consent thereto indorsed upon the policy.
 

 Substantially the same question was considered and decided by this court in the case of
 
 Foster
 
 v.
 
 Scottish Union & National Ins. Co.,
 
 101 Ohio St., 180, 127 N. E., 865, and that decision, unless it is to be overruled, requires an affirmance of the judgment of the Court of Appeals. There is the same distinction between this case and
 
 Ohio Farm
 
 
 *147
 

 ers’ Ins. Co.
 
 v.
 
 Titus,
 
 82 Ohio St., 161, 92 N. E., 82, as was pointed out by the court in the
 
 Foster case,
 
 and the reasoning of the court in the latter case is applicable and persuasive here.
 

 The recent case of
 
 Michigan Automobile Ins. Co.
 
 v.
 
 Van Bushirk,
 
 115 Ohio St., 598, 155 N. E., 186, is distinguished from the
 
 Foster case,
 
 as pointed out in the opinion, and may likewise be distinguished from this case in that the existence of the chattel mortgage was not known either by the company or its agent when the policy was issued.
 

 Judgment affirmed.
 

 Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.