## WESTERN & SOUTHERN LIFE INS CO v BENNETT

Ohio Appeals, 4th Dist, Pike Co

Decided May 31, 1933

Vorys, Sater, Seymour & Pease, Columbus, and Jacob E. Davis, for plaintiff in error.

Earl D. Parker, Morgantown, for defendant in error.

### OPINION

By MAUCK, J.

Upon the trial of the case the defendant offered in evidence what purported to be the application of the insured for reinstatement, which, over the signature of the insured, declared that he had not been sick since the policy lapsed, and that the revivor of the policy should be void if this and like representations were untrue. A copy of this application had not been attached to the reinstated policy, and as that fact had been pleaded as estopping the defendant from proving its contents, it was denied admission under the terms of §9387, GC.

The case then stood thus: The policy permitted reinstatement only if the insured was in good health. The insured was not in good health, but had the policy. The plaintiff claimed that the insured had fully disclosed his unsound condition to the company's agent, and that the company had

waived that condition by issuing the policy notwithstanding its knowledge. Clearly if the application had been admitted it would have shown that the insured and the agent had joined in a misrepresentation to the company and no recovery could have been had. The trial court had before it the fact that the insured had made full disclosure to the agent, and it had before it the fact that the reinstatement was made. It inferred from this that the agent had truly reported to its principal the unsound condition of the insured, and upon this inference predicated a finding that the company waived the unhealthful condition of the insured.

It is to be borne in mind that the insured's condition of health was admittedly such that no recovery could be had unless it were shown that the company waived its rights in that respect. The policy provided that its terms could not be changed or its conditions waived, except by a written agreement signed by its president or vice president. The defense of waiver under these circumstances is thus described by the Supreme Court in **Foster v Scottish Union & National Ins. Co., 101 Oh St, 180, at page 190, 127 NE, 865:** "This plea is in effect an appeal to the chancery powers of the court to enjoin the other party, the insurer, from setting up the restrictive clauses of the policy in defense of an action at law by the insured on the policy, and this on the ground that to permit the defense at law would be to work inequity or perhaps fraud on the insured."

The plaintiff was obliged to prove that the insuring company was advised of the insured's condition, for a party cannot be deemed to have waived a right unless he had knowledge of all the facts. **Michigan Automobile Ins. Co. v Van Buskirk, 115 Oh St, 598, 155 NE, 186.** The only attempt by the plaintiff to show knowledge on the part of the officers of the company was in showing knowledge on the part of the agent, and then, by pointing out that the agent ought to have informed his company of what he knew, the inference is drawn that he did so. If this inference were allowed to be drawn, the doctrine of the fourth paragraph of the syllabus in **John Hancock Mutual Life Ins Co. v Luzio, 123 Oh St, 617, 176 NE, 446,** is overthrown. To this we cannot assent. It is argued, however, that **National Surety Co. v Bohn, 125 Oh St, 537, 182 NE, 506,** modifies or overrules the Luzio case in this respect. It is not necessary for us to draw the distinction that exists between the two cases, inasmuch as Judge

Day in the latter case makes it clear that the doctrine of the Luzio case is unaffected by the holding in the Bohn case.

In the absence of the authority referred to we would not on principle acquiesce in the plaintiff's method of proving waiver, or of substituting an unauthorized inference for proof. The plaintiff was seeking relief of an equitable character to avoid the written letter of the contract sued on, and was bound to bring to the court all her available information of what knowledge the company had upon which the claimed waiver was made. This the plaintiff did not do. She refused to bring before the court the identical application made by the insured that initiated the reinstatement. She had the statutory right to resist the introduction of this application so far as the defendant might use it in defense. Appearing, however, for equitable relief in a case where she had the burden, she had no right to ask that an inference favorable to her be drawn from the absence of testimony by suppressing the very testimony that would have made such inference impossible.

The judgment is reversed, and, proceeding to render the judgment that the Common Pleas should have rendered, judgment is entered for the plaintiff in error.

Judgment reversed and judgment for plaintiff in error.

BLOSSER, PJ, concurs.
MIDDLETON, J, not participating.