Please Note: We have sua sponte removed this case from the accelerated calendar.
 DECISION.
Plaintiff-appellant Jon Nagel has taken the instant appeal from the entry of summary judgment for defendants-appellees AIG Life Insurance Company ("AIG"), American International Group, Inc., and Acordia of Ohio, Inc., on the appellant's complaint to recover benefits under an insurance policy issued by AIG. The appellant advances on appeal a single assignment of error, in which he contends that summary judgment was improvidently entered for the appellees, because issues of fact remain as to whether AIG waived the policy's limitation-of-action clause. We find this contention to be well taken, and, on that basis, we reverse the judgment entered below.
In October of 1986, AIG's corporate predecessor issued to the A. R. Nagel Company ("Arnco") a "key employee" life and disability insurance policy covering the appellant's brother and Arnco's president, Dan Nagel. By letter dated June 28, 1988, the appellant, an Arnco director and shareholder, notified AIG on Arnco's behalf that Dan Nagel had, in November of 1987, begun to exhibit signs of a mental disability, and that this disability had, by March of 1988, manifested itself in suicidal tendencies that required that he be hospitalized and placed under psychiatric care and that he take a leave of absence from his employment with Arnco. These events culminated in Dan Nagel's April 6, 1988, resignation from the company.
On July 11, 1988, in response to the appellant's June 28 letter, AIG provided the appellant with a claim form. By letter dated September 13, 1988, the appellant returned the completed form to AIG.
On April 12, 1989, AIG requested that the appellant provide a status report on Dan Nagel and complete and return the medical forms necessary for the claim's evaluation. From November 1989 through March 1993, the appellant's counsel and AIG separately corresponded with Dan Nagel's counsel regarding the need for Dan Nagel's cooperation to secure the necessary medical information and his reluctance to provide it. The record reflects no resolution of this issue.
Arnco, in the interim, had ceased operations and had assigned its claim under the policy to the appellant. On January 20, 1998, the appellant instituted an action against the appellees, seeking the disability benefits allegedly due under the policy and damages for business losses allegedly sustained by Arnco as a consequence of AIG's failure to pay the claim. In November of 1998, the appellees moved for summary judgment on the ground that the appellant's action was time-barred by the policy's limitation-of-action clause. By entry and decision dated March 23, 1999, the trial court granted summary judgment for the appellees, and this appeal ensued.
The standard governing the disposition of the appellees' motion for summary judgment is set forth in Civ.R. 56. The rule provides that a party against whom a claim is asserted may move, with or without supporting affidavits, for summary judgment in its favor on all or any part of the claim. See Civ.R. 56(A). A motion for summary judgment may be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion, and (3) that the moving party is entitled to judgment as a matter of law. See Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 364 N.E.2d 267; Civ.R. 56(C).
The policy issued by AIG insured against loss in the event that an "injury or sickness" rendered Dan Nagel "totally and permanently disabled[,] * * * prevented [him] from engaging in the material and substantial duties of his occupation," and required "the regular and personal care of a physician." The benefit provided under the policy was payable only after the disability had proved "total, continuous and permanent" for a period of twenty-four months.
The policy also contained a "Legal Actions" clause, which barred the institution of any "action * * * to recover on the policy * * * after the expiration of three years after the time written proof of loss [was] required to be furnished." The policy required a claimant to furnish "[w]ritten proof of loss" on a claim form provided by AIG "within ninety days after the date of such loss * * * [or] if it was not reasonably possible to give proof within such time, * * * as soon as reasonably possible." Finally, the "Legal Actions" clause required, as a "condition precedent" to any action on the policy, "full compl[iance] with all [its] terms."
Here, the "loss" against which the policy insured was occasioned by Dan Nagel's mental disability, which emerged in November 1987, required him to be placed under psychiatric care in March 1988, and culminated in his resignation from Arnco on April 6, 1988. By the terms of the policy, the "date of * * * loss" from which the ninety-day "proof of loss" period began to run must be found at the confluence of these events. Therefore, April 6, 1988, was the "date of * * * loss," and the policy required that written proof of that loss be furnished before July 6, 1988.
The appellant did not furnish AIG with written proof of the loss until September 13, 1988. The policy permitted written proof of loss to be furnished later than ninety days from the date of loss, but only "if it was not reasonably possible to give proof within" ninety days, and then "as soon as [was] reasonably possible." The record contains no suggestion that "it was not reasonably possible" for Arnco to furnish AIG with written proof of loss within ninety days of the loss. Therefore, the appellant failed to provide written proof of loss in compliance with the policy.
As we noted supra, the "Legal Actions" clause made compliance with all terms of the policy a condition precedent to any legal action on the policy. However, the appellant's failure to comply with the ninety-day requirement is, at this juncture in the proceedings, without legal consequence.
To sustain his action on the policy, the appellant would at trial bear the burden of proving, inter alia, his performance of his obligations under the policy. See Garofalov. Chicago Title Ins. Co. (1995), 104 Ohio App.3d 95, 108,661 N.E.2d 218, 226. Those obligations would include compliance with the ninety-day written-proof-of-loss requirement. Civ.R. 56(E) imposes upon the party opposing summary judgment the burden of demonstrating that genuine issues of material fact remain on the essential elements of the claim, but only if the moving party has sought summary judgment "on the ground that the nonmoving party cannot prove its case" and has satisfied its "initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. In the proceedings below, the appellees sought and obtained summary judgment not on the ground that the appellant could not prove his case, but solely on the ground that the appellant had failed to bring his action within the policy's three-year limitation period. Consequently, the appellant incurred no obligation under Civ.R. 56(E) to show that issues of fact remained as to the essential elements of his claim.
Moreover, under Ohio law, the policy's ninety-day proof-of-loss requirement could be waived by conduct that demonstrated its knowing, voluntary and intentional relinquishment. SeeMichigan Auto. Ins. Co. v. Van Buskirk (1927), 115 Ohio St. 598,155 N.E. 186, paragraph one of the syllabus. The evidence adduced on the motion for summary judgment disclosed that the appellant had notified AIG of the circumstances of Dan Nagel's disability by letter dated June 28, 1988; that AIG had mailed Arnco a claim form on July 11, more than ninety days after the date of loss and five days after the form was due; and that AIG had then, without challenge to the timeliness of Arnco's submission of its written proof of loss, launched an investigation into the claim based upon a claim form submitted more than five months after the date of loss. The record thus provides an evidentiary basis for the conclusion that AIG waived compliance with the policy's ninety-day written-proof-of-loss requirement.
Turning to the matters presented by this appeal, we conclude that the appellant's failure to furnish written proof of loss until September 13, 1988, is not only legally inconsequential, but also irrelevant. The policy's "Legal Actions" clause required an action on the policy to be brought within three years of the date written proof of loss was "required" to be furnished, not within three years of the date written proof of loss was actually furnished. In the absence of proof that "it was not reasonably possible" for Arnco to furnish AIG with written proof of loss within ninety days of the loss, the policy "required" that written proof of loss be furnished before July 6, 1988. Therefore, the "Legal Actions" clause barred the institution of an action on the policy after July 6, 1991.
The appellant did not file his action on the policy until January 20, 1998. He thus satisfied the fifteen-year limitation period provided under R.C. 2305.06, but not the three-year limitation period provided under the policy.
An insurance contract may require that an action on the contract be brought within a shorter period of time than that provided by statute, if the contractual limitation period is not unreasonable. See Appel v. Cooper Ins. Co. (1907),76 Ohio St. 52, 80 N.E. 955. The insurer may, however, lose its right to assert the contractual limitation period by declarations or acts during the limitation period that might reasonably be construed to constitute a waiver. See Hounshell v. AmericanStates Ins. Co. (1981), 67 Ohio St.2d 427, 429-430,424 N.E.2d 311, 314. The determination of whether a contractual provision has been waived presents, first, the legal question of what facts constitute a waiver and, second, the factual question of whether those facts existed.
A waiver is the voluntary and intentional relinquishment of a known right. See Michigan Auto. Ins. Co. v. Van Buskirk,supra, paragraph one of the syllabus. The appellees' motion for summary judgment thus placed upon the appellant the burden to present evidence setting forth specific facts to show that genuine issues of material fact remain as to whether AIG, by declaration made or action taken during the policy's three-year limitation period, knowingly, voluntarily and intentionally relinquished its right to assert the limitation period as a bar to the appellant's action. We conclude that the appellant carried this burden with his statement in his affidavit, filed in opposition to the motion for summary judgment, that he did not bring an action on the policy within the three-year limitation period, because "[b]etween 1989 and 1992, [he] was assured by management representatives of AIG, including [AIG's branch claims supervisor], that AIG would obtain [the] cooperation [of Dan Nagel's psychiatrist], and [that] any claim upon the disability policy could be resolved without litigation."
Construing this evidence most strongly in favor of the appellant, we conclude that genuine issues of material fact remain as to whether AIG waived the policy's three-year limitation period. We, therefore, hold that summary judgment was improvidently entered for the appellees, and, on that basis, we sustain the appellant's sole assignment of error. Accordingly, we reverse the judgment entered below and remand this case for further proceedings consistent with law and this Decision.
 Judgment reversed and cause remanded.
_________________________ PAINTER, P. J.
 Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.